Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 02 2014, 9:46 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**LISA TRAYLOR-WOLFF**
Logansport, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHRISTOPHER A. FIELDS, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 66A04-1306-CR-314 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE PULASKI CIRCUIT COURT
The Honorable Michael Anthony Shurn, Judge
Cause No. 66C01-1302-MC-4

**April 2, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

Christopher A. Fields appeals the denial of his petition for writ of habeas corpus, arguing that the trial court erred in concluding that he had received all the class 1 credit time to which he was entitled. Concluding that there was no error in the class 1 credit time that Fields received, we affirm.

On November 22, 2011, Fields was released to parole. On January 14, 2012, Fields was incarcerated for a parole violation. In August 2012, a parole violation hearing was held, at which Fields was found to have violated his parole, his parole was revoked, and parole was reinstated. Appellant's App. at 33. On September 4, 2012, he was re-released to parole.

Fields was incarcerated for a parole violation from January 14, 2012, to September 4, 2012, a period of 235 days. The parties do not dispute that Fields was assigned to Class 1 credit time, for which he was entitled to one day of credit time for each day he was imprisoned. *See* Ind. Code § 35-50-6-3. Fields contends that he received only 100 days of class 1 credit time. Appellant's Br. at 4. We disagree.

Our review of the Offender Information System Credit Calculation Detail shows the following. From January 14, 2012, to April 19, 2012, Fields served 96 days and earned class 1 credit time of 96 days. Appellant's App. at 15. From April 19, 2012, to August 27, 2012, he served 130 days. *Id.* He was deprived of 30 days' credit time, and therefore earned class 1 credit time of 100 days.[1] *Id.* Between August 27, 2012, and September 4, 2012, when

---

[1] Fields does not argue that the 30-day deprivation of his credit time was improper. He asserts that he received the 30-day deprivation due to his parole violation. The State asserts that it was due to disciplinary proceedings at the facility in which Fields was housed. We need not resolve this disagreement because it is not relevant to the issue on appeal.

Fields was re-released to parole, he served 9 days and earned class 1 credit time of 9 days. *Id.* at 16. Therefore, from January 14, 2012 to September 4, 2012, Fields earned class 1 credit time of 205 days ($96 + 100 + 9 = 205$). Although he was incarcerated for 235 days, he did not receive class 1 credit for 235 days due to the deprivation of 30 days of class 1 credit time ($235 - 30 = 205$). We conclude that Fields received all the class 1 credit time to which he was entitled. Accordingly, we affirm the trial court's denial of his petition for writ of habeas corpus.

Affirmed.

BAKER, J., and NAJAM, J., concur.